**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **GALEN DAVIS and** )<br>**ROBIN HUMPHREYS,** )<br>    **Plaintiffs,** )<br>)<br>)<br>v.            )<br>)<br>)<br>**The CITY OF READING, KANSAS,** )<br>**A Kansas Municipal Corporation,** )<br>    **Defendant.** )<br>)<br>_____) | Case No. 13-2499-CM |

**MEMORANDUM AND ORDER**

This case is before the court on defendant City of Reading, Kansas's Motion for Summary Judgment (Doc. 17). Plaintiffs Galen Davis and Robin Humphreys allege defendant violated the Fair Labor Standards Act ("FLSA") by inadequately compensating plaintiffs for work performed. Defendant argues that both plaintiffs' claims are barred by the FLSA's statute of limitations and that plaintiffs have failed to establish a prima facie case of any FLSA violation. The court denies defendant's motion for the following reasons.

   **1. Legal Standard for Summary Judgment**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the record's evidence and reasonable inferences in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "[T]here must be evidence on which the jury could reasonably find for the plaintiff. The judge's

inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict—whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### 2. Genuine Issues of Material Fact Concerning FLSA Violations

Defendant contends plaintiffs have failed to establish a prima facie case of any FLSA violation because they rely solely on their own testimony, an "unsubstantiated and uncorroborated notebook," and have not specified, by citing to the record, the days and hours for which they unlawfully did not receive any overtime pay or produced any other evidence to substantiate their claims. (Doc. 17 at 12–13.) Defendant's argument fails for two reasons.

First, defendant, as the moving party, has the burden of producing evidence upon which the court will evaluate its motion for summary judgment. Defendant supports its motion with an exhibit containing four deposition transcripts. (Doc. 17-1.) While each transcript includes a list of the exhibits discussed in that deposition (Doc. 17-1 at 5, 21, 43, 61), defendant did not attach any of those exhibits to its summary judgment motion. Defendant nonetheless cited to an unattached exhibit to support its factual allegation. (Doc. 17 at 2, ¶ 7.) The court does not accept defendant's factual assertions as being supported when the record lacks the cited material. Moreover, nowhere in defendant's Motion for Summary Judgment (Doc. 17) or defendant's Reply to Plaintiffs' Response and In Support of Its Own Motion for Summary Judgment (Doc. 24) does defendant specifically refute plaintiffs' paystubs or any pages of plaintiff Humphreys's notebook, which contained a log of the hours plaintiffs worked and a description of that work. Defendant also never contradicts plaintiffs' evidence with its own records. Instead, defendant either incorrectly places the burden to develop and

cite to the record on plaintiff, or defendant makes generalizations about plaintiffs' records lacking corroboration or substantiation.

Second, defendant stipulated in the Pretrial Order that all "Reports of Hours and pay stubs produced by the Plaintiffs and Defendants" are admissible for purposes of summary judgment and trial. (Doc. 15 at 2.) Defendant also correctly cites to *Garcia*, which states that plaintiffs' testimony and documentary evidence are appropriate ways to prove their prima facie case. 890 F. Supp. 2d at 1284. Plaintiffs rely on precisely that evidence—their own testimony and documentary evidence that includes multiple pay stubs and various pages from plaintiff Humphreys's notebook. As such, plaintiffs have provided the requisite evidence to establish a prima facie case that defendant violated the FLSA.

For both of these reasons, the court denies defendant's motion for summary judgment. Even if defendant had included the missing exhibits, defendant's arguments question the credibility of plaintiffs' evidence—not its admissibility. A reasonable jury could find that defendant failed to appropriately compensate plaintiffs because it believes that plaintiff Humphreys's notebook is more reliable than defendant's records. Now, the court reviews whether plaintiffs' claims are barred by the FLSA's statute of limitations.

### 3. Statute of Limitations

The FLSA provides a two-year statute of limitations, unless the employer acted willfully, in which case the statute of limitations is three years. 29 U.S.C. § 255(a). Defendant is correct that plaintiffs' claims are barred by § 255's two-year statute of limitations clause, but plaintiffs contend their claims are timely under § 255's extension because defendant acted willfully. The dispositive question therefore is whether plaintiffs can show by a preponderance of the evidence that the defendant acted willfully. If so, plaintiffs' claims are timely; if not, plaintiffs' claims are time-barred under

§ 255. In answering that question, the court views the record and any inferences from it in a light most favorable to the non-moving parties, the plaintiffs.

### A. Threshold Standard for § 255's Extension of the Statute of Limitations

"For § 255's extension to obtain, an employer need not knowingly have violated the FLSA; rather, the three-year term can apply where an employer disregarded the very 'possibility' that it was violating the statute . . . although we will not presume that conduct was willful in the absence of evidence." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908–9 (9th Cir. 2003) (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir.1999); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990)) (internal quotations omitted). "The employee has the burden of proving the employer acted willfully." *Garcia v. Tyson Foods, Inc.*, 890 F. Supp. 2d 1273, 1286 (D. Kan. 2012) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)). Willfulness may be found when the employer either "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin*, 486 U.S. at 133; *Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1283 (10th Cir. 2006); *Reich v. Monfort*, 144 F.3d 1329, 1334 (10th Cir. 1998). "Mere negligence is generally not enough to sustain a finding of willfulness." *Garcia*, 890 F. Supp. 2d 1273 at 1287 (citing *Nelson v. Waste Mgmt. of Alameda Cnty, Inc.*, 33 F. App'x 273, 274 (9th Cir. 2002)).

### B. Defendant's Willful or Reckless Disregard

The court must view plaintiffs' claim of defendant's willful violation of the FLSA in a light most favorable to them, as the non-moving parties. The record supports plaintiffs' claim that defendant may have recklessly disregarded the FLSA in its handling of timecards and wage-payment issues. As an initial matter, defendant concedes that it would have paid overtime if it had been made aware of any overtime worked by the plaintiffs. Both city employees, who were deposed, stated that if

overtime was not being paid they would have investigated and fixed the problem. At a minimum, defendant knew of its FLSA obligations.

Defendant argues that, because it would have paid overtime upon notice of any discrepancies and because plaintiffs failed to notify Carol Ann Higgins, the city clerk who administers the city's payroll, defendant's actions were merely negligent. The court is unpersuaded by this argument for a couple of reasons.

First, the record indicates plaintiffs notified multiple city officials or employees of their issues related to overtime pay. The record indicates that—at the very least—former mayor Lonnie Atchison, city council member Jennifer Hanneman, and councilperson Paige[1] were each approached by either or both plaintiffs regarding their timecards and overtime compensation. Council member Hanneman requested that plaintiff Humphreys keep track of the hours that she, plaintiff Davis, and their supervisor, Tom Corpening, worked, along with a description of the work completed. Councilperson Paige simply advised plaintiff Davis to get along with Mr. Corpening or to find another job. While plaintiffs failed to notify Ms. Higgins directly, she nonetheless seems to have had *some* knowledge of plaintiffs' issues, testifying that (1) she was aware plaintiff Davis's timecards were filled out and signed by Mr. Corpening, and (2) the issue of timecards was discussed at the city's executive session on August 1, 2013, at which time the city council allegedly instructed that, from that point on, employees should be signing their own timecards.

If only one city official or employee had been notified of plaintiffs' claims and took no action, defendant may be merely negligent. But when multiple officials or employees knew or had reason to know of plaintiffs' contentions and little, if any, investigatory or remedial action was taken, a reasonable jury may conclude that defendant recklessly disregarded its obligations under the FLSA. The city seems to have known for at least some period of time—though the specific dates are

---

[1] The court did not see the first name of Councilperson Paige in the provided record.

unclear—that there were timecard and overtime issues.  Officials or employees who fail to act may be acting with mere negligence, individually, but in the aggregate, each instance of negligence moves an employer away from mere negligence and towards willful ignorance, or indifference.

Second, a major issue is Mr. Corpening's involvement because the record contains multiple instances of testimony concerning Mr. Corpening.  Plaintiff Humphreys testified that Ms. Hanneman said she had been aware of other complaints concerning Mr. Corpening's involvement with timecard submissions.  Ms. Higgins testified that, at a city council meeting, one city member stated that Mr. Corpening filled out plaintiff Davis's time cards, signed them, and that plaintiff Davis never saw them—a fact defendant admits.  (Doc. 24 at 6, ¶15.)  That is consistent with plaintiff Davis's testimony that he neither saw nor signed his timecards and thus "never knew when or what [he] was going to get paid." (Doc. 17-1 at 43.)  Mr. Corpening admits that he signed plaintiff Davis's timecards approximately 75% of the time, but began that practice only after plaintiff Davis's first year of employment.[2]  While the extent of Mr. Corpening's involvement remains unclear, the timecards he submitted are the very timecards upon which Ms. Higgins exclusively relied when she issued plaintiffs' checks.

Defendant's actions indicate it may have acted recklessly because multiple people became aware of the plaintiffs' issues, yet no formal inquiry was launched or resolution reached.  Viewing the record in the light most favorable to plaintiffs, genuine issues of material fact remain as to whether defendant recklessly disregarded its obligations under the FLSA.  There is evidence in the record that (1) either or both plaintiffs approached multiple city officials and employees regarding their concerns, (2) Councilperson Paige spurned plaintiff Davis' complaint, implicitly threatened, and referred him back to Mr. Corpening, (3) Ms. Higgins' issued plaintiffs' checks despite her knowledge that Mr.

---

[2] Previously, Plaintiff Davis had signed his own timecards 75% of the time.  The record does not indicate why a switch in procedure took place.

-6-

Corpening signed and submitted plaintiffs' timecards, (4) Ms. Hanneman's was aware of other timecard complaints involving Mr. Corperning, and (5) at the August 1, 2013 city council session, the city suggested that employees sign their own timecards in the future.  There is evidence suggesting defendant had knowledge—at some level, for some period of time—of timecard and wage issues, yet avoided a proper investigation into plaintiffs' claims.  A reasonable jury could find this knowledge and lack of action as evidence that defendant recklessly disregarded its duty to correctly pay its employees under the FLSA.  Accordingly, plaintiffs' claims could be timely under § 255's extension, provided a willful violation is found at trial.

### 4. Conclusion

Plaintiffs established genuine issues of material fact regarding whether defendant willfully violated the FLSA, which would bring their claim under § 255's extension of the statute of limitations to three years.  Also, a reasonable jury could find defendant did not compensate plaintiffs for earned overtime, or in the alternative, failed to pay plaintiffs minimum wage for their efforts.

**IT IS THEREFORE ORDERED** that defendant City of Reading, Kansas's Motion for Summary Judgment (Doc. 17) is denied.

Dated this 28th day of August, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**